IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES COOKE, #566633, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | NO. 3:24-cv-01502 |
| WARDEN VINCE VANTELL, | ) ) ) | JUDGE CAMPBELL |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

Proceeding pro se, state inmate James Cooke filed this habeas corpus action under 28 U.S.C. § 2254 and paid the filing fee (*see* Doc. No. 1-1). At the same time, Petitioner filed a Memorandum of Law (Doc. No. 2), an Affidavit (Doc. No. 3), and a Motion for Evidentiary Hearing (Doc. No. 4).

Upon preliminary examination of the Petition (Doc. No. 1), the Court discerns several problems that must be resolved before the case can proceed. First, neither the Petition nor any of Petitioner's other filings are signed in his own hand. Rather, Petitioner's filings, even those declared true under penalty of perjury, all bear the electronic signature designation "/S/ JAMES COOKE" or "/S/ JAMES EDWARD COOKE." (*See* Doc. No. 1 at PageID # 15; Doc. No. 2 at PageID # 27, 29; Doc. No. 3 at PageID# 32; Doc. No. 4 at PageID # 36.) In addition to the fact that a verification under penalty of perjury must bear the declarant's "personal signature" rather than his "electronic signature," *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 515 (6th Cir. 2022), Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, or other paper" be "personally" signed by an unrepresented party, and further requires the Court to strike an unsigned filing if the failure to sign is not "promptly corrected." Fed. R. Civ. P. 11(a);

*see Becker v. Montgomery*, 532 U.S. 757, 763–64 (2001) (declining "to permit typed names" to satisfy Rule 11 signature requirement). Petitioner must cure this defect if his case is to proceed.

Moving to the substance of Petitioner's filings, the Petition recites that he was convicted on May 12, 2023 after pleading guilty to drug charges, and that he did not file a direct appeal or any other petition in state court for direct or postconviction review (Doc. No. 1 at PageID # 1–5) prior to filing this federal habeas case in December 2024. Petitioner explains his failure to exhaust state postconviction remedies by asserting that "Tennessee courts have demonstrated a systematic inability to adequately address complex constitutional claims" such as those raised in his Petition; by noting that "Tennessee's strict procedural rules, including rigid interpretations of timeliness and waiver doctrines, have historically precluded substantive review of claims" such as his; and by pointing to the state courts' alleged "bias against granting relief" in cases involving misconduct by prosecutors or law enforcement officers, resulting in the futility of seeking relief in such cases in the courts of the state. (Doc. No. 2 at PageID # 25.) He thus asks this Court to "waive the exhaustion requirement under 28 U.S.C. § 2254(b)(1) due to the ineffectiveness of state remedies and proceed to the merits of Petitioner's habeas claims." (*Id.* at PageID # 26.)

"Although the exhaustion doctrine is not a jurisdictional matter, it is a threshold question that must be resolved before . . . reach[ing] the merits of any claim." *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009) (citations omitted). State prisoners are generally required to "give the state courts one full opportunity to resolve any constitutional issues[,] by invoking one complete round of the State's established appellate review process" prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The law allows for this requirement to be excused in only two instances: where "there is an absence of available State corrective process; or

. . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)–(ii).

In this case, Petitioner clearly had State corrective process available to him in the form of postconviction review, but apparently chose not to avail himself of such process. (*See* Doc. No. 2 at PageID # 25 (referring to "Petitioner's decision to for[e]go state postconviction remedies").)[1] As to whether state postconviction review would be ineffective to protect his federal rights, suffice it to say that the circumstances Petitioner cites—Tennessee courts' strict procedural rules, their alleged inability to adjudicate complex legal issues, and their alleged bias demonstrated by their record of dismissing claims based on prosecutorial or police misconduct—are not supported by any citation to evidence nor are they persuasive as the sort of circumstances that are necessary to excuse a failure to exhaust. Qualifying circumstances have been described by the Sixth Circuit as existing "only in those historically 'rare cases where exceptional circumstances of peculiar urgency are shown [both] to exist,'" *Johnson v. Bauman*, 27 F.4th 384, 394–95 (6th Cir. 2022) (quoting *Ex parte Hawk*, 321 U.S. 114, 117 (1944)), and to "functionally foreclose state court review." *Id.* at 391. This Court will not excuse the exhaustion requirement in this case under Section 2254(b)(1)(B)(ii) based on bald allegations of the strictness, ineptitude, and bias of the Tennessee judiciary.

---

[1] The Court notes that it is at least possible that Petitioner might yet avail himself of state postconviction remedies, if he can demonstrate that tolling of the one-year postconviction statute of limitations is appropriate. *See Whitehead v. State*, No. W2008-00815-CCA-R3-PC, 2009 WL 723849, at *2 (Tenn. Crim. App. Mar. 19, 2009) (noting that "the one-year limitations period for filing a post-conviction petition may be tolled based on due process concerns") (citing, *e.g.*, *State v. McKnight*, 51 S.W.3d 559, 563 (Tenn. 2001)); *but see Neal v. Bowlen*, 48 F.3d 1219 (Table), 1995 WL 101280, at *2 (6th Cir. Mar. 9, 1995) ("Because it appears that Neal made a deliberate decision not to appeal, the Tennessee Court of Criminal Appeals is not likely to waive the 30-day appeal period[.]").

Claims that are unexhausted but cannot now be pursued in state court are procedurally defaulted and "ordinarily may not be considered by a federal court on habeas review." *Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002). "In order to gain consideration of a claim that is procedurally defaulted, a petitioner must demonstrate cause and prejudice for the failure, or that a miscarriage of justice will result from the lack of review." *Id.* at 386. The burden of showing cause and prejudice to excuse defaulted claims is on the habeas petitioner. *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (citing *Coleman v. Thompson*, 501 U.S. 722, 754 (1991)).

In addition to these issues related to the exhaustion requirement, the December 2024 Petition appears to have been filed after the expiration of the one-year habeas statute of limitations, 28 U.S.C. § 2244(d)(1). Petitioner's filings indicate that the statutory clock began to run when his conviction became final in June 2023, one month after his May 2023 judgment of conviction (*see* Doc. No. 1 at PageID # 1),[2] and that his time for filing this habeas corpus action—not being tolled by the pendency of state postconviction proceedings—would therefore have expired in June 2024.

Upon preliminary review, this Court may properly raise the issue of the timeliness of the Petition *sua sponte*, whereupon Petitioner must be allowed "a fair opportunity to show why the limitation period should not yield dismissal of the petition." *Day v. McDonough*, 547 U.S. 198, 210 (2006). The Court notes that, although the Petition invokes "the operative ruling in Schlup v. Delo and House v. Bell for a gateway claim to equitably toll any procedural default" (Doc. No. 1 at PageID # 13), "[t]he standard for gateway actual innocence claims is 'demanding'" and rarely met. *Somerville v. Holloway*, No. 2:23-CV-02445-JTF-ATC, 2024 WL 4255387, at *5 (W.D. Tenn. Sept. 20, 2024) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *House v.*

---

[2]  *See King v. Hall*, No. 2:19-CV-00080, 2020 WL 7260925, at *2 (M.D. Tenn. Dec. 10, 2020) (citing *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (finding that, in Tennessee, "a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry," allowing that time for a defendant who waives his right to appeal to file a motion to withdraw the previously entered plea)).

*Bell*, 547 U.S. 518, 538 (2006))). In particular, such a claim must be based on "new reliable evidence," *Schlup v. Delo*, 513 U.S. 298, 324 (1995), rather than assertions of improprieties occurring at or before the criminal trial. *See Monk v. Gray*, No. 20-3294, 2020 WL 5513350, at *2 (6th Cir. Aug. 3, 2020) (denying relief from the statute of limitations because "Monk did not present any new evidence in support of his actual innocence claim" but "instead asserted that the prosecution did not have any DNA evidence and that eyewitness testimony can be unreliable"); *Somerville*, *supra* (mere assertion of innocence, without new evidence, is not sufficient to serve as a gateway for consideration of untimely petition).

Accordingly, in addition to curing the signature defect in his pleadings, Petitioner **MUST SHOW CAUSE** why this action should not be dismissed (1) for failure to exhaust state remedies and (2) as untimely. The Clerk is **DIRECTED** to mail copies of the signature pages of Docket Numbers 1 through 4 to Petitioner for his signature. Within **30 DAYS** from the date this Order is entered on the docket, Petitioner must sign and return those pages and must also submit his response to this Order.

Petitioner is cautioned that failure timely to respond to this Order to correct signature defects and to show cause why the case should not be dismissed, or to request an extension of his response deadline before that time expires, will result in the dismissal of this action.

Given the status of this case as discussed above, the Clerk **SHALL** terminate Petitioner's unsigned Motion for Evidentiary Hearing (Doc. No. 4) as pending. If the case is allowed to proceed in light of Petitioner's response to this Order, he may renew his request for an evidentiary hearing at that time.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE