IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES COOKE, #566633, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 3:24-cv-01502 |
| | ) | |
| WARDEN VINCE VANTELL, | ) | JUDGE CAMPBELL |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Proceeding pro se, state inmate James Cooke filed this habeas corpus action under 28 U.S.C. § 2254 and paid the filing fee. According to the Petition, he seeks relief from his May 12, 2023 conviction in Davidson County Circuit Court, in case number 2015-D-2919. (Doc. No. 1 at 1.) That case allegedly concluded when Petitioner pled guilty to delivery of cocaine and was sentenced to 10 years in prison. (*Id.* at 1–2.)

The Davidson County Criminal Court Clerk's records tell a different tale. According to those online records, of which this Court takes judicial notice, case number 2015-D-2919 was closed in December 2016, when Petitioner was convicted of conspiracy and delivery of heroin. https://sci.ccc.nashville.gov/Search/CriminalHistory?P_CASE_IDENTIFIER=JAMES%5ECOOKE%5E04281977%5E532324 (last visited Sept. 5, 2025). In 2023, after Petitioner had apparently been released to serve the remainder of his sentence in case number 2015-D-2919 on parole,[1] he was indicted in case number 2023-I-72 on charges of resisting arrest, possession with intent to

---

[1] *See* Tennessee Department of Correction Felony Offender Information Lookup, https://foil.app.tn.gov/foil/details.jsp (last visited Sept. 5, 2025), listing "Parole Hearing Result" as "Revoked".

distribute fentanyl or a derivative thereof, and possession with intent to distribute methamphetamine. *Id.* On May 25, 2023, he pled guilty to sale of fentanyl or a derivative and was sentenced to 10 years in prison, to be served consecutively to the remainder of his sentence in case number 2015-D-2919. His charges of resisting arrest and possession with intent to distribute methamphetamine were dismissed.

Petitioner did not file a direct appeal from his May 2023 conviction, nor did he pursue post-conviction relief in state court. (Doc. No. 1 at 2–5.)

## II. DISCUSSION

Upon preliminary examination of the Petition (Doc. No. 8), the Court identified several defects. As an initial matter, Petitioner had failed to apply his personal signature to the Petition and other filings as required by Federal Rule of Civil Procedure 11(a). Those signature defects have now been cured with respect to the Memorandum, Affidavit, and Motion filed along with the Petition, but not with respect to the Petition itself. Nevertheless, in an abundance of caution, the Court will consider the unsigned Petition, as expounded in Petitioner's signed filings.

In addition to the signature defect, the Court also identified substantive defects with the filing of this case, including Petitioner's failure to exhaust available state remedies and the apparent untimeliness of the Petition. (Doc. No. 8 at 2–5.) The Court ordered Petitioner to show cause why the case should not be dismissed on those grounds.

In Petitioner's response to the show cause order (Doc. No. 9), he argues that his failure to file for state post-conviction relief "was not strategic or negligent" but "was compelled by documented futility and systematic barriers within Tennessee's post-conviction regime." (*Id.* at 2.)[2] He also argues that, though his Petition "was filed in December 2024, after the one-year

---

[2] Petitioner further "asserts that proceeding in state [post-conviction] court would have been a hollow exercise, as his claims would be dismissed on technical grounds rather than adjudicated on their merits."

2

limitation period under 28 U.S.C. § 2244(d)(1)" expired,[3] he is entitled to equitable tolling of the limitations period. (*Id.* at 3.) The grounds he asserts to justify equitable tolling are (1) that he "was housed in a restricted housing unit for a substantial portion of 2023 and 2024, with limited access to legal materials or assistance"; (2) that his trial attorney failed to advise him of his right to seek post-conviction relief or the deadline for filing; and (3) that he is actually innocent of the crime of conviction, since that conviction was obtained by unlawful means, including "[p]rosecutorial suppression of impeachment material regarding cooperating witnesses," "[u]nlawfully obtained

---

(Doc. No. 9 at 3.) To the extent that this assertion relies on the fact that Petitioner pled guilty and therefore likely waived certain post-conviction rights, the Court notes that Tennessee has procedures for challenging convictions that result from plea agreements, including cases where prosecutorial misconduct is claimed to have rendered the plea involuntary or unknowing. *Archer v. State*, 851 S.W.2d 157, 163 (Tenn. 1993) (reaffirming that "[t]he Post-Conviction Procedure Act, T.C.A. §§ 40-30-101 to -124, provides the procedure for attacking a constitutionally defective conviction based on a guilty plea that was not knowingly and voluntarily entered") (quoting *Johnson v. State*, 834 S.W.2d 922, 925 (Tenn. 1992)).

[3] Under Section 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The statute further provides as follows:
> The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not dispute that subsection (A) above applies to his case, or that his conviction became final in June 2023, one month after his May 2023 judgment of conviction. *See King v. Hall*, No. 2:19-CV-00080, 2020 WL 7260925, at *2 (M.D. Tenn. Dec. 10, 2020) (citing *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (finding that, in Tennessee, "a judgment of conviction upon a guilty plea becomes a final judgment thirty days after entry," allowing that time for a defendant who waives his right to appeal to file a motion to withdraw the previously entered plea)).

3

wiretap evidence based on false affidavits," and "[i]neffective assistance of counsel who failed to challenge constitutional defects or present mitigating evidence." (*Id.* at 4.)

The Court finds that the Petition cannot escape the bar of the statute of limitations, as Petitioner is not entitled to equitable tolling on any of the grounds he asserts. First, without additional aggravating circumstances, mere "lack of access to legal materials resulting from . . . placement in a restricted housing unit" has been "consistently held" insufficient to justify equitable tolling. *Pryor v. Erdos*, No. 5:20CV2863, 2021 WL 4245038, at *10 (N.D. Ohio Sept. 17, 2021) (citing, *e.g.*, *Andrews v. United States*, 2017 WL 6376401 at *2 (6th Cir. Dec. 12, 2017)). Second, trial counsel's "alleged failure to advise Petitioner that he was responsible for filing a notice of post-conviction relief in the state court does not constitute an extraordinary circumstance that stood in the way of Petitioner filing a timely § 2254 habeas petition and does not warrant equitable tolling." *Wiechens v. Ryan*, No. CV 13-0900-PHX-JAT, 2013 WL 6533138, at *5 (D. Ariz. Dec. 13, 2013). Finally, a guilty plea "dispels any notion that [Petitioner] is eligible to assert a viable claim of actual innocence" as a gateway for allowing consideration of otherwise time-barred claims.[4] *Teal v. Quintana*, No. CIV.A. 5:14-230-JMH, 2014 WL 4435968, at *5 (E.D. Ky. Sept. 9, 2014) (citing cases). Even if Petitioner, despite his guilty plea, could assert his actual innocence in order to bypass the statute of limitations, his attempt to demonstrate such innocence relies on alleged defects in the evidence that had been marshaled at the time of his conviction, rather than "new reliable evidence . . . that was not presented at trial"—which is the sort of evidence required to clear the extraordinarily high hurdle established in *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

---

[4] Although some language used in Petitioner's filings gives the impression that he was convicted after a trial (*see*, *e.g.*, Doc. No. 2 at 4 ("The prosecution's use of wiretap evidence in Petitioner's trial violated his Fourth Amendment rights.")), his Petition clearly states that he pled guilty to the drug charge that resulted in a 10-year sentence in 2023 (Doc. No. 1 at 1–2), and his Motion for Evidentiary Hearing "contends that, but for counsel's deficient performance, he would have insisted upon going to trial." (Doc. No. 4 at 2; Doc. No. 11 at 4.)

4

*See Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005); *see also Monk v. Gray*, No. 20-3294, 2020 WL 5513350, at *2 (6th Cir. Aug. 3, 2020) (denying relief from the statute of limitations because "Monk did not present any new evidence in support of his actual innocence claim" but "instead asserted that the prosecution did not have any DNA evidence and that eyewitness testimony can be unreliable").

Accordingly, Petitioner has failed to carry his burden of persuading the Court that the statute of limitations should be equitably tolled. His Petition, in addition to being unsigned and unexhausted, is therefore also untimely.

### III. CONCLUSION

In sum, Petitioner has been given "a fair opportunity to show why the limitation period should not yield dismissal of the petition," *Day v. McDonough*, 547 U.S. 198, 210 (2006), and has failed to do so. This action is time-barred and is therefore **DISMISSED**.

This constitutes a "final order adverse to" Petitioner, and the Court must therefore "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Because reasonable jurists could not find it debatable that the Court is correct in its procedural ruling under the circumstances presented here, the Court declines to issue a certificate

of appealability in this case. Petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE